**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, New Jersey 07962-1997
(973) 538-4006
Attorneys Appearing:   Mark J. Politan (MP-5989)
                      Matthew B. Heimann (MH-5842)
                      Kelly D. Curtin (KC-7620)

*Attorneys for Steven A. San Filippo,*
*As Trustee of the SMHP Creditor Trust*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Hon. Morris Stern |
| ST. MARY'S HOSPITAL, PASSAIC, N.J., | Case No. 09-15619 (MS) |
| Debtor. | Chapter 11 |
| STEVEN A. SAN FILIPPO, AS TRUSTEE OF THE SMHP CREDITOR TRUST, | Adv. Pro. No. 11-_____ |
| Plaintiff, | |
| v. | |
| CENTRAL PENSION FUND, | |
| Defendant. | |

**TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND FOR OTHER RELATED RELIEF**

Steven A. San Filippo, as trustee (the "Trustee") of the SMHP Creditor Trust (the "Creditor Trust") of St. Mary's Hospital, Passaic, N.J. (the "Debtor"), by and through his counsel, Porzio, Bromberg & Newman, P.C., by way of complaint (the "Complaint") against Central Pension Fund (the "Defendant"), alleges as follows:

1503885

## NATURE OF THE ACTION

1. The Trustee brings this action against the Defendant pursuant to 11 U.S.C. §§ 547(b) and 550 to avoid and recover certain preferential transfers that occurred during the 90-day period (the "Preference Period") prior to the commencement of the Debtor's bankruptcy proceeding. The Trustee further seeks to disallow any claims by the Defendant against the Debtor pursuant to 11 U.S.C. § 502(d), as well as recouping reasonable attorneys' fees under Rule 7008(b) of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

2. The Trustee is the duly appointed trustee of the SMHP Creditor Trust (the "Creditor Trust"). Pursuant to the Confirmation Order and Plan (each defined below), the Trustee has the sole authority to pursue all claims and causes of action transferred to the Creditor Trust by the Debtor through the Plan.

3. Upon information and belief, the Defendant is a corporation that maintains an address at 4115 Chesapeake St. NW, Washington, DC 20016 and may be served at that address.

## JURISDICTION AND VENUE

4. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding has been brought in accordance with Rules 7001(1) and 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), and Rule 7001-1 of the Local Bankruptcy Rules for the District of New Jersey.

6. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

1503885

7.  Venue lies properly before the Bankruptcy Court pursuant to 28 U.S.C. § 1409.

8.  The statutory predicate for the relief requested herein are sections 105, 502, 547, and 550 of title 11, United States Code (the "Bankruptcy Code").

## FACTUAL BACKGROUND

### General Case Background

9.  On March 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Until the effective date of the Plan, the Debtor remained in possession of its assets and managed its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. On December 17, 2009, the Debtor filed its First Amended Disclosure Statement (the "Disclosure Statement"), which included the Debtor's First Amended Plan of Reorganization (the "Plan").

11. On December 18, 2009, the Bankruptcy Court entered an order approving the Debtor's Disclosure Statement, and the Plan was thereafter circulated to creditors and parties in interest to solicit votes in acceptance thereof.

12. On February 2, 2010, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"). The effective date of the Plan was March 1, 2010 (the "Effective Date").

13. By virtue of the Confirmation Order, and upon the Effective Date, the Creditor Trust was created and established as a liquidating trust for the benefit of holders of allowed general unsecured claims against the Debtor. Additionally, per the Confirmation Order, that

- 3 -

certain Creditor Trust Agreement dated February 23, 2010 was executed, which thereby authorized and approved the appointment of the Trustee to serve as trustee of the Creditor Trust.

14. Pursuant to the Confirmation Order and in accordance with the Plan, the Debtor transferred to the Creditor Trust—among other assets, interests, and rights—all claims and causes of action that the Debtor had the right and power to assert under Chapter 5 of the Bankruptcy Code, including the causes of action of the within Complaint.

15. Accordingly, upon the Effective Date, the Trustee was empowered to file, initiate, compromise, and settle all causes of action involving the Creditor Trust's assets, and to compromise claims asserted against or on behalf of the Creditor Trust. All of the Debtor's causes of action have been expressly preserved in full for the benefit of the Debtor's estate and the Creditor Trust as applicable.

**The Relationship Between the Debtor and Defendant**

16. Before the Petition Date, the Debtor owned and operated a 287-bed, general acute-care community hospital. To that end, the Debtor relied on numerous entities and individuals, including the Defendant to provide the Debtor with goods and/or services.

17. Throughout the course of the Debtor's relationship with the Defendant, the parties engaged in several transactions, which are reflected in invoices, communications, and/or other documents (collectively, the "Defendant's Agreements").

18. Prior to the Petition Date, the Debtor obtained goods and/or services from the Defendant pursuant to the Defendant's Agreements.

19. The Debtor and the Defendant conducted business with one another leading up to the Petition Date, including the Preference Period, under the Defendant's Agreements.

- 4 -

20. During the ordinary course of the Debtor's business, the Debtor maintained books and records of its transactions with the Defendant, including payments and transfers.

**Transfers to the Defendant Made Within 90 Days Prior to the Petition Date**

21. During the Preference Period, the Debtor transferred property to or for the benefit of the Defendant in an amount not less than $77,064.69.

22. A list identifying transfers made by the Debtor to the Defendant during the Preference Period is attached hereto as Exhibit "A" and incorporated herein by reference (collectively, the "Transfers").

## FIRST COUNT
### (Avoidance of Transfers—11 U.S.C. § 547)

23. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

24. The Defendant was a creditor of the Debtor at the time of each of the Transfers, as per the Debtor's books and records.

25. The Transfers constitute transfers of the Debtor's interests in property and were made to or for the benefit of the Defendant.

26. As per the Debtor's books and records, the Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before each of the Transfers was made.

27. Based on the Debtor's excessive liabilities as compared to its assets, the Debtor was insolvent on the dates of each of the Transfers.

1503885

28. Unless avoided, the Transfers will have enabled the Defendant to receive more than the Defendant would have received if (a) the case were a case under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant received payments for such debt to the extent provided by the provisions under the Bankruptcy Code.

29. As a result, the Transfers made by the Debtor to the Defendant constitute an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

**WHEREFORE**, the Trustee respectfully requests the entry of judgment against the Defendant deeming the Transfers to be avoidable transfers pursuant to section 547(b) of the Bankruptcy Code.

### SECOND COUNT
### (Recovery of Transfers—11 U.S.C. § 550)

30. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

31. The Defendant was either (i) the initial transferee of the Transfers, (ii) the entity for whose benefit the Transfers were made, or (iii) an immediate or mediate transferee of the Transfers.

32. Each of the Transfers that is avoided under section 547(b) of the Bankruptcy Code is recoverable pursuant to section 550 of the Bankruptcy Code.

33. Subject to potential defenses, the Trustee is entitled to recover the value of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

**WHEREFORE**, the Trustee respectfully requests the entry of judgment against the Defendant directing the Defendant to immediately pay to the Trustee the sum of $77,064.69, together with pre- and post-judgment interest, pursuant to section 550 of the Bankruptcy Code.

1503885

## THIRD COUNT
### (Disallowance of Claim—11 U.S.C. § 502)

34. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

35. The Trustee has demanded repayment of the Transfers prior to filing the Complaint.

36. The Defendant has failed and refused to turn over to the Trustee the value of the Transfers, or to otherwise repay the Transfers.

37. Accordingly, any claim(s) of the Defendant against the Debtor and/or Creditor Trust must be disallowed under section 502(d) of the Bankruptcy Code until the Defendant pays to the Trustee the value of the Transfers.

38. Therefore, pursuant to section 502(d) of the Bankruptcy Code, the Trustee is entitled to entry of judgment disallowing, waiving, discharging, and barring any claim(s) that the Defendant may hold against the Debtor and/or Creditor Trust.

**WHEREFORE**, the Trustee respectfully requests the entry of judgment against the Defendant disallowing, waiving, discharging, and barring any claims of the Defendant against the Debtor and/or Creditor Trust pursuant to section 502(d) of the Bankruptcy Code.

## FOURTH COUNT
### (Attorneys' Fees—Bankruptcy Rule 7008(b))

39. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

40. The Trustee has incurred significant legal expenses to pursue the within claims against the Defendant.

- 7 -

1503885

41. The Trustee is therefore entitled to reasonable attorneys' fees pursuant to Bankruptcy Rule 7008(b).

## RESERVATION OF RIGHTS

42. The Trustee has included all known applicable avoidance claims under Chapter 5 of the Bankruptcy Code and related causes of action that the Creditor Trust holds against the Defendant in this Complaint.

43. It is the Trustee's intention to avoid and recover all Transfers of the Debtor's interests in property to or for the benefit of the Defendant or any other transferee. During the course of this adversary proceeding, the Trustee may learn through discovery or otherwise of additional Transfers made to the Defendant.

44. The Trustee therefore reserves its right to amend the Complaint to include, but not limited to: (i) further information regarding the Transfers; (ii) additional Transfers; (iii) modifications or revisions to the Defendant's name or information; (iv) additional defendants; and/or (v) additional causes of action arising under Chapter 5 of the Bankruptcy Code (collectively, the "Amendments").

**PORZIO, BROMBERG & NEWMAN, P.C.**

By: /s/ *Kelly D. Curtin*
Kelly D. Curtin
100 Southgate Parkway
Morristown, NJ 07962-1997

Attorneys for Steven A. San Filippo,
As Trustee of the SMHP Creditor Trust

Dated: March 7, 2011

1503885